IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:12-cr-00130-1 |
| v. | ) |
| | ) Judge Nixon |
| DAKOTA LATRACON CARVER | ) |

## ORDER

Pending before the Court is Defendant Dakota Latracon Carver's Amended Motion to Sever ("Motion"), in which he requests the Court sever for trial Counts 1–4 from Counts 5 and 6 of the Superseding Indictment, or in the alternative, bifurcate his trial. (Doc. No. 56.) The Government filed a Response opposing the Motion (Doc. No. 59), and the Court subsequently held a hearing at which the parties presented arguments on the Motion on October 2, 2013.

Mr. Carver was originally indicted in this case on July 5, 2012, on one count of possession with intent to distribute crack cocaine and one count of being a felon in possession of a firearm, both stemming from a single incident alleged to have occurred on July 2, 2012. (Doc. No. 1.) On December 20, 2012, the Government filed a Superseding Indictment, adding to the two original counts, four counts stemming from two separate incidents alleged to have occurred on June 3 and June 7, 2010. (Doc. No. 34.) The Counts in the Superseding indictment are as follows: **(1)** intentionally firing a weapon into a group of people in furtherance of a major drug offense on June 3, 2010; **(2)** discharging a firearm in relation to a drug trafficking crime on June 3, 2010; **(3)** intentionally firing a weapon into a group of people in furtherance of a major drug offense on June 7, 2010; **(4)** discharging a firearm in relation to a drug trafficking crime on June 7, 2010; **(5)** being a felon in possession of a firearm on July 2, 2012; and **(6)** possession with intent to distribute crack cocaine on July 2, 2012. (*Id.*)

1

In his Motion, Mr. Carver requests the Court sever Counts 1–4 from Counts 5 and 6 based on unduly prejudicial joinder, pursuant to Federal Rule of Criminal Procedure 14. (Doc. No. 56 at 4.) Specifically, Mr. Carver argues that, at the time of the conduct alleged in Counts 1–4, he was not a convicted felon, and therefore, allowing a jury to see evidence that he was later convicted of a felony (as a basis for Count 5) could cause them to improperly use the evidence as a basis for convicting him of Counts 1–4. (*Id.* at 5.) At the October 2, 2013, hearing, Mr. Carver's counsel argued that Mr. Carver would be unduly prejudiced as to Counts 1 and 2 by the Government revealing that Mr. Carver's state court conviction for aggravated assault was a felony. Mr. Carver's counsel also argued that the introduction of facts of prior possession and discharge of a weapon would unduly prejudice him with respect to his later felon in possession of a firearm charge, because a jury could improperly use the fact that he previously possessed a gun to find it more likely he possessed one at a later date.

In response, the Government first points out that Mr. Carver has conceded that the six counts in the Superseding Indictment are properly joined under Federal Rule of Criminal Procedure 8(a). (Doc. No. 59 at 1.) With respect to Rule 14, the Government argues that, as a prerequisite to severing counts, Mr. Carver must show that evidence that is admissible to prove one or more counts is inadmissible to prove the counts to be severed. The Government argues that joinder of counts is not unduly prejudicial here because the main evidence at issue—Mr. Carver's state court guilty plea—is admissible against him with respect to Counts 1 and 2 as an admission of the underlying conduct of the offenses charged, and with respect to Count 5 as an element of the offense of being a felon in possession of a firearm. (*Id.* at 4.) Therefore, the Government argues that severance would not accomplish the goal of keeping prejudicial evidence out of either trial and is not warranted under Rule 14. (*Id.* at 4–5.)

Federal Rule of Criminal Procedure 8 governs the joinder of offenses and defendants in indictments. Rule 8(a) allows offenses to be joined if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The purpose of Rule 8 is to "promote the goals of trial convenience and judicial efficiency." *United States v. Cobb*, 397 F. App'x 128, 136 (6th Cir. 2010) (quotation omitted). However, even if joinder is appropriate under Rule 8, a court may order severance under Rule 14. *Id.* at 136–37. "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

> In determining whether a defendant suffered prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence.

*United States v. James*, 496 F. App'x 541, 546 (6th Cir 2012) (quoting *United States v. Dale*, 429 F. App'x 576, 578 (6th Cir. 2011)).

Here, the Court finds Mr. Carver fails to show undue prejudice from the joinder of counts because the evidence at issue is independently admissible against him with respect to Count 5 as well as Counts 1 and 2. Therefore, were the Court to sever counts as requested for trial, the evidence at issue would be properly admissible at both trials. Moreover, the Court finds Mr. Carver's argument—that he will be unduly prejudiced with respect to Counts 1 and 2 by the jury learning that his prior conviction for aggravated assault was a felony—lacks support. The fact of the matter is that during the course of Mr. Carver entering his prior guilty plea, he admitted that he engaged in the conduct that allegedly forms the basis for Counts 1 and 2. Regardless of

whether the conviction was a felony, this evidence is very probative as to whether Mr. Carver is guilty of those counts.

Finding that Mr. Carver has failed to show unduly prejudicial joinder of the counts in the Superseding Indictment, the Motion to Sever is **DENIED**.

It is so ORDERED.

Entered this the __3rd__ day of October, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT